Good morning, Your Honor. Good afternoon, Your Honors. Ms. Navarro, my name is Santiago Navarro. I'm the defendant appellant in this case, Mr. Richard Gilkerson. Your Honors, what happened in this case is that Mr. Gilkerson broke into a shed and stole a small all-terrain vehicle. He was charged with burglary with intent to commit a theft, a Class II felony, and also with theft, a Class A misdemeanor. He was convicted of those offenses. The issue in this case is whether, under the principle that a specific statute preempts the application of a general statute, his theft conviction should be reversed. He was sentenced to what under theft? He was sentenced to, I don't recall the specific sentence, but it had to be reversed. If you prevail, what's the implication for your fine? Well, he has the conviction vacated. Of what? Of theft. Right. And so he would remain convicted of a felony? That is correct, Your Honor. Some people would say, so what? Some people would, but I don't have the answer to that. Well, I don't have the case in front of me, but as we know, the you don't want surplus convictions because they may come back to haunt a defendant in the future. I assume he has a very clean record. I believe he has somewhat of a record, but we want to keep it as clean as possible, especially if it's not a warranted conviction. Nobody wants to have no warranted conviction. So your theory that you're seeking the end result is that a 364 sentence concurrent on theft would be vindicated? Yes. In fact, as I was looking at the case law more closely, preparing for the argument, I noticed that the old cases that dealt with the situation under the one act, one crime rule would actually reverse the theft conviction and uphold the burglary conviction. So I suppose vacating it and reversing it amount to the same result in the end. Just which words you choose to use, I suppose. So my statute that covers the offense applies over the general statute. And the specific statute in this case, I'm arguing, would be the burglary statute over the more general statute. But there's steps that need to be taken for this principle to apply in the case. First, both statutes must have a common subject matter or in this case, burglary with intent to commit a theft. And theft, obviously, have theft in common. And referring to the old cases, which I will explain shortly why they may apply here, it used to be that burglary and theft were considered one act. So, obviously, there's some overlap there. So, I think that prong of the test applies here in that we have statutes that overlap. So, the question then becomes, which one is the more specific statute and which one is the more general statute? And again, our argument is that it's the burglary statute that applies here and not the theft statute. And the reason for that is that the second that Mr. Gilkerson made the unauthorized entry into the shed, that act encompassed all of the acts. That single act encompassed all of the criminal activity for which he would be liable in the case. So, if we consider theft to be the specific statute, that leaves the burglary hanging out there. It doesn't encompass the burglary. The burglary encompasses the theft, specifically all of the acts that were carried out in this case. Well, is there a definition or a historical definition of burglary absent the concept of theft? Well, in Johnson, the Supreme Court explained, Johnson, which I cited in my reply brief, the Supreme Court explained that you can have theft without a burglary, but really you cannot have burglary without either the intent to commit the theft or the theft itself. Historically, that wasn't true, was it? You may be aware of a case that I'm not aware of, Your Honor. Well, I'm just going back to some of the ancient, just ancient by this time, dictionaries. And what was really burglary defined as, per se? Well, burglary was the unauthorized entry into a building with the intent to commit a felony of theft. Okay, so it's always had that with something. Right. Because otherwise it would be common law trespass. Exactly. Okay. So, another way to sort of view the burglary as being the specific statute, as opposed to the general statute that applies here, is again going back to the old case law where they were viewed as one act, but it was the burglary charge that survived and the theft charges that were reversed. And I think, I believe it's important to keep this in mind because of the wooden decision by the United States Supreme Court that I cited in the reply brief. And in that decision, the Supreme Court found that a conviction for 10 burglaries in Georgia, where the defendant broke into 10 storage units that were part of a larger storage unit, was actually one burglary. But in Georgia, they charged it as 10 burglaries. That became important later for federal purposes because of a federal statute that counted these as priors that enhanced the defendant's sentence. But what's important is the analysis that the court applied to the federal statute, which between the lines applied to the Georgia outcome as well. And that's, they went to, they applied what we used to apply prior to King in Illinois, the independent motivation common scheme rule. And based on that, they found that the Georgia activity had been one burglary and therefore it could not support a number of priors for purposes of the federal statute. But again, the important part is the reasoning that the Supreme Court applied. And that was that they, for this basically one act, one crime analysis, they applied our old way of going about it, of analyzing it as whether it was a common scheme, whether there was independent motivation. And in my brief, I argued that this was persuasive authority, but the more I looked at it, I think it's a little bit more than persuasive because of how they treated the Georgia part of that case, where they essentially ruled that Georgia got it wrong. So let's say that a situation like that arises in Illinois. Under Wooden, that would be one act if we applied the common scheme and independent motivation test that the Supreme Court used in Wooden. So that's why I'm saying that it's important to sort of harken back to the pre-King cases that dealt with whether burglary and theft are one crime and which of those crimes is the specific one. Because under Wooden, we're back there again, or we're headed in that direction again, it seems to me. So because we are headed in that direction, then what occurred in this case where we have a burglary and a theft, then we're asking that the theft conviction be reversed under the same logic. Now, when was this raised? Well, in the reply brief, Your Honor, I argued that... Did you forfeit it? Well, it was in response to the State's argument in the reply brief. But I meant... It was not in the opening brief. It was not in the opening. No, it was in the court below. Oh, in the court below. Was it raised? No, no. The issue was not preserved in the court below. And... If that's the case... I looked at everything, but I can't remember whether I raised this as plain errors or ineffective assistance. But it would have been one of those. No, it wasn't raised by you or by the closing counsel. I'm just asking if it's not forward. Right. So, from the trial court... As far as preservation in the trial court, as I recall, again, I looked at everything except that before the argument. If it was not preserved, I would have argued it as an effective assistance of counsel or plain error. And as far as the timing of me raising this wooden comparison, I did point out in the reply brief in response to the State's argument, because the State argued, basically, this is not a one crime violation after King. I said, well, King is on shaky grounds because of wooden. And basically, I'm just amplifying that argument here today, Your Honor. So, that is the heart of the argument I want to present. There are some policy issues which the court may be interested in hearing or not. For example, and it goes back to one of your early questions, Justice Walters, the theft here was a misdeed. What if the theft in this case had been a Class X because the defendant stole a diamond when it broke into the shed? Would it be fair to reverse that theft conviction and simply keep the Class II felony conviction as his conviction? Well, again, I went back to the cases, the pre-King cases, and that didn't seem to matter. There was not a – and these are the cases cited in King. I went and looked at the cases cited in King when there was a burglary on theft. And they didn't care about – they just didn't mention the value of the theft as being a consideration. And wooden supports that because in wooden, the defendant broke into multiple storage units and the Supreme Court didn't seem to be concerned about the value of the items that he stole from 10 storage units. So I wanted to bring that up for the court. Another thought that occurred to me was what if there were multiple thefts? Let's say the defendant, when he got inside the shed, would have stolen multiple items. Does that make a difference? Would it be fair to just have the burglary conviction when there were multiple thefts? And let's say there were expensive items that he took. Again, I went back and looked at the cases, and there were actually two cases cited in King where there were multiple thefts. And in both of those cases, both theft convictions were reversed, and the burglary conviction was the conviction that was allowed to stand. And again, in wooden, there were multiple thefts. That didn't seem to bother the Supreme Court. So I did want to broach those situations with the court for the court to consider, perhaps, as it reaches its decision. In short, based on the principle that the more specific statute will apply in a situation over the general statute, the defendant respectfully requests that his theft conviction be reversed because it was the burglary in this case that applied to all of his acts more specifically, and not the theft. If the court has no questions, I... I don't see any more. Thank you, Your Honor. All right. Thank you, Your Honor. Ms. Navarro, you may proceed. Good afternoon. My name is Karen Navarro, and I represent the people of the state of Illinois. Defendant is appealing following a conviction for burglary and theft, arguing that the state exceeded its charging discretion, specifically noting that it overcharged defendant by including both burglary and theft, where it argues that the burglary statute encompassed all of defendant's activity on the day in question. Defendant relies on statutory construction rule, which does provide that if there's a general statute and a specific statute, which both encompass the same subject, then it would be the specific statute that prevails, that controls what is charged. However, here a defendant was charged for two separate and distinct actions. It was not two statutes that both dealt or addressed the same action, but rather two different ones. Defendant was charged with burglary for his action in entering a building without having the authority or authorization to do so, with the intent to commit a theft. However, the burglary statute in no way considers whether a theft actually did or did not occur. While defendant's charge for theft stemmed from defendant taking control over Mr. Williams' ATV, with the intent to deprive him of that ATV permanently. Now, defendant in the brief noted and relied on Busick v. The United States, which again stated the proposition that it's the specific statutes that are given precedence over general statutes, but even in looking at Busick, Busick made sure to note that the specific statute is applied when it is specifically tailored to all criminal conduct. It requires that the specific statute provide more describing particularities of the conduct than would the general statute. Here, if defendant is arguing that the specific statute is burglary, this would mean that the theft would be considered the general statute. But when you look at it, burglary does not encompass what theft does. Theft requires the actual taking of an item with the intent to permanently deprive. This is not considered in any way by the burglary statute, which merely requires an intent. So whether or not the theft actually occurs, it's irrelevant to the burglary statute. So this is why the state argues that it cannot be deemed to overlap the theft, where it doesn't even consider any of the elements of the theft as part of the requirement for a burglary. Here, even in looking at the facts of the case, it's clear that there were multiple actions that were committed. Defendant's footprints were found leading up to the shed, which had a broken lock on it. That, in essence, was the burglary. But that defendant's actions exceeded a burglary when defendant actually took the ATV, dragged it out of the shed, and intended to permanently deprive the owner of that ATV. So because the burglary statute merely relates to unauthorized entry into a property, it does not encompass what the theft statute does, which is taking control over stolen property. Back to my earlier question. Burglary, unauthorized entry, correct? Correct. Can we just charge burglary without the intent? You can charge burglary with the intent of committing a theft, even if the theft did not occur. Can you charge burglary without any intent? Not with any intent, no. So while a burglary cannot be charged with the intent, it doesn't look as to whether the theft actually occurred, which is what is addressed in the actual offense of the theft. Theft doesn't look at whether a burglary occurred. It merely looks at whether a theft occurred, whether the taking occurred. And that's something that each statute looks at different elements. None of the elements between burglary and theft are interlacking. So if you have no taking, are you going to be able to prosecute burglary? If you can prove that there was an intent to take, then you could. Can you hypothesize what that might be? So I could do a hypothesis on that. There are facts that could be different. The defendant could have—so here the defendant stated that when he was speaking with police that he wanted an ATV for his daughter. So if the defendant never actually managed to drag it out of the shed, then there would be no theft. But the defendant's actions of breaking into the law and informing police that he wanted the ATV that was in there for his daughter would have proved the intent without actually requiring that the theft happen. Well, let's say, for example, he was officers going by and he's somebody jiggling the lock and opening up and going in, and it's not his shed, it's not—okay? And there's nothing—why are you there? But he says, I just wanted to be there. Well, that would differ from the facts here because— Of course it is. That's why I said hypothesize. So, yeah, in that instance, there wouldn't—the state would be dealing with proving that the intent was there. Here the intent was present aside from the defendant actually taking the item. I'm just wondering how you try to improve intent under that fact pattern. I think it would really depend on the circumstances of the case, whether, as in here, a defendant was driving multiple times slowly up and down the street to see if anybody was there, what his motivation, speaking with the defendant as in here. Well, I just erased the motivation. I mean, where you have Mr. Talkative saying, I always wanted an ATV. Okay, but you've just got the guy inside the shed. No more, no less. I think in that method it would have to deal with the way if there's any surveillance camera as there was here, which show a defendant moving up and down the street, or if there's any other— No, because that shows that the defendant had the intent to enter a building, which he did not have the authority to be in. No, but you're telling me just entering the building, unless you can establish intent to commit a theft, that's what burglary is. Correct. So how would you charge him with a conviction on burglary in that fact pattern? In that fact pattern, if there is no way to prove intent, then there wouldn't be a burglary. It would be under trespassing. Okay. So pretty much in conclusion, because the state is arguing that none of the elements that are currently in the burglary statute address any of the elements that are currently in the theft statute, and they each require a separate intent to also be proven, that we're not dealing with two statutes that each address the same conduct, but rather two distinct statutes that address each individual conduct. And that is why we would ask this Court to reject the defendant's argument. Is there any other questions I can answer? You didn't address forfeiture. Why? I'm sorry? You didn't address forfeiture. Why? So when I was reading the defendant's argument, I did not understand it as the defendant proposed it here today, where the way that I took it was him trying to correlate how both actions were similar rather than raising a brand new issue of the fact that you can't have multiple offenses when they're in the common scheme. Because even in looking in Wooden, Wooden still provides that there can be multiple offenses in one occasion. It only really distincts the fact that when it comes to armed career criminal act, the occasions is where it matters. That is clearly made in Wooden, so I don't believe that even Wooden stands for the proposition that just because acts were committed within the same time that they are only considered one time. Was there a post-trial motion filed in this case? I'm sorry? Was there a post-trial motion filed in this case? I don't believe so. Okay. Any other questions? Thank you. Thank you, Ms. Navarro. Mr. Durango for rebuttal. Thank you, Your Honor. I need to – I don't see where I argued an error or ineffective assistance in my opening brief. No, you didn't. And that was an oversight on my part. Was it included in the post-trial motion? Was there a post-trial motion? I do not recall, Your Honor. There was not. Okay. If I overlook this, then I must ask the court to – I have to ask the court to review it under the constitutional exception to forfeiture. Because if this court finds that I forfeited the issue by not arguing properly for review, then the defendant will simply be able to argue in a hastily-filed post-conviction petition that I was ineffective for not arguing that point of error in order for this court to be able to review the issue. So if that is the situation here, then I would ask that this court review the issue under the constitutional exception to forfeiture. Regarding the arguments made by the State, the State brings up an interesting point about – not really a point, but mentions that – I argue that the State exceeded its charge and discretion. And really, it's – the State can charge the additional theft and burglary. I think the real question becomes if the defendant is convicted of both. I believe the State has a duty at that point to ask that – to dismiss one charge, the theft charge, or to ask the court to vacate it. The State has a great latitude in charging. But when it gets to a point where, obviously, just as with the one crime, one act situation, one act, one crime situation, the State should ask the court – or the court, maybe under its own motion, should dismiss the surplus conviction. And so I did present it as a charging – exceeding the charging rights of the State. But really, thinking it through, it would have been all right for the State to do what it did here, except that at some point the theft charge should have been dismissed. And as far as the State's other arguments, it's really a one crime – one act, one crime argument that the State is asking this court to follow, where we're comparing elements and matching elements. But that's not what the rule requires. And again, I have to go back to the pre-King cases where these two offenses were considered one act, basically, one crime. And so this is not really a one act, one crime case in the sense that King applies. It is – what occurred prior to King is instructive in analyzing whether a specific statute preempted a general statute in this case. So because the one act, one crime rule really does not apply here, and the burglary statute specifically covered all of the acts committed by a defendant in this case, I ask the court to reverse the defendant's conviction for theft in this case. I don't see any questions. Thank you, Mr. Chairman. Thank you, Your Honor. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. And with that, I believe we will resume recess until tomorrow morning.